IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAJID CHRISTOPH ABLA,

      Plaintiff,

vs.                                 Case No. 08-1140-JTM

MICHAEL J. ASTRUE, Commissioner of
Social Security,

      Defendant.

MEMORANDUM AND ORDER

      Plaintiff Majid Christoph Abla has applied for Supplemental Security Income benefits. His August 24, 2004 application was denied by the ALJ on April 21, 2007, a decision affirmed by the Appeals Council on September 28, 2007. Abla appears in the present appeal *pro se*, and has presented, as his brief in support of the appeal, a collection of various medical reports. He contends generally that the decision of the ALJ he was not disabled is not supported by substantial evidence.

      Plaintiff-claimant Abla was born on February 13, 1978, and has stated that he became disabled beginning March 1, 2002. He has cited a variety of ailments, including a broken right knee with pain and blood clots, and infections in his leg. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 26-33), and in the brief of the Commissioner's response (Dkt. No. 16, at 2-8).

The ALJ concluded that Abla suffered from severe impairments of a post-surgical right tibial fracture, a blood clotting disorder, a history of infection in the right leg and knee, and deep venous thrombosis of the right lower leg. (Tr. 26). However, the ALJ also found that Abla's impairments did not meet or exceed any listed impairment, and that he retained the residual functional capacity (RFC) to perform sedentary work, or to do work with restrictions on his lifting, standing, and sitting. (Tr. 27).

The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: he must show that whether he is engaged in substantial gainful activity, that he has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that he cannot return to his former work, the Commissioner has the burden of showing that claimant can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise;

evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

As noted earlier, the Plaintiff's brief attaches numerous supporting documents. The Court finds that these documents do not present a valid basis for overturning the decision of the ALJ. First, many are irrelevant to the present appeal, since they do not involve the decision of the ALJ, but a separate dispute between Abla and his former attorneys. (Dkt. No. 13, at 2-6, 8-22). Second, other documents (*Id*. at 26, 30-34, 36) are already a part of the administrative record, and thus are merely cumulative. A third set of documents (*Id*. at 23-25, 27-29) comprises treatment letters generated by treating sources after the decision of the Commissioner. Only one document, (*Id*. at 35), an X-ray from 2003, was generated prior to the ALJ's decision but is not a part of the existing evidentiary record. None of the additional medical evidence is inconsistent with the decision of the ALJ, and plaintiff has supplied no good cause showing why these materials were not either previously included in the administrative record or why they should be added to it. *See Morgan v. Astrue*, No. 08-7076, 2008 WL 5160135, at *1 (10th Cir. Dec. 10, 2008).

In the present case, the ALJ determined that Abla's statements as to his disabling symptoms were "not entirely credible." (Tr. 30). This conclusion was reached by an analysis consistent with

3

*Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) and is supported by substantial evidence. Specifically, the ALJ noted the existence of medical records which were not consistent with Abla's statements. These records showed "no recurrences of thrombosis since January 2002 and tests have shown no circulatory obstructions." (*Id.*) Further,

> [t]here are no reports of the degree of pain and limitations described during [Abla's] testimony. In 2002, it was noted at that time that the claimant was ambulating with only one crutch and sometimes with no crutch (Exhibit B-10F, page 150). On March 18, 2005, the claimant's leg felt better, and he was ambulating with minor pain (Exhibit B-7F). On August 1, 2005, the claimant stated that he was no longer having pain in his right upper extremity or his right lower extremity. Although his right lower extremity showed scarring and there was a black discoloration surrounding the scar, there was no edema or erythema, there was no swelling of the right upper extremity, and the black discoloration was not painful to palpation (Exhibit B-9F).

(*Id.*)

In addition, the ALJ found that much of Abla's reported pain was a product of his conscious decision to refrain from effective treatment:

> [C]laimant's pain appears to be mostly from not taking his antibiotics as prescribed. However, on June 7, 2004 the claimant stated that he had quit taking antibiotics 3 months prior because he got tired of taking antibiotics, and he subsequently developed a skin infection of the right leg. When seen on June 14, 2004, he admitted he had not been taking his antibiotics as instructed (Exhibit B-2F) and, on August 30, 2004, the claimant had not been taking his antibiotics as prescribed (Exhibit B-3F).

(Tr. 31). Abla had been prescribed Tramadol, and the ALJ expressly found that "the evidence does not indicate that the medication is ineffective or results in any significant side effects other than drowsiness." (*Id.*)

> The ALJ discussed as well evidence showing a reduced motivation for employment. The undersigned has also considered the claimant's work record. The claimant had not been employed for 6 months prior to his injury; and his impairments did not cause him to stop working. Although the claimant was 24 years old at the time of his injury and had not attended school since the 9th grade, his earnings have never constituted substantial gainful activity (Exhibits ID, pages 7 and 9). He has had

>numerous jobs of short duration, but has not demonstrated good motivation for employment.

(*Id*.) Finally, the ALJ also noted the existence of personal activities by Abla showing a general degree of mobility consistent with the assigned RFC, including Abla's successful participation in school during 2003 and during a 2002 substance abuse treatment program. (Tr. 30).

Each of the factors considered by the ALJ was a legitimate one under *Luna* as well as Social Security Ruling 96-7p, and the Court finds no error. Similarly, the ALJ's decision that Abla could perform a significant number of jobs in the national economy is also supported by substantial evidence, including the limitations recommended by Abla's own treating physician (Tr. 916-19, 922, 983, 986) and by the testimony of a vocational expert (Tr. 984-86).

IT IS ACCORDINGLY ORDERED this 30th day of June, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE